Battle, J.
 

 The only question presented by the bill of exceptions, is whether the plaintiff exercised ordinary diligence by means of which he might have discovered the damaged condition of the seven bales of cotton, which he purchased of the defendant. This question is admitted to be one of law to be decided by the Court, but if it be submitted to the jury and they find a correct verdict, the error in submitting it to them will be cured. See
 
 Hathaway
 
 v.
 
 Hinton,
 
 1 Jones’ Rep. 242, and the cases therein referred to.
 

 It is a well established rule that the purchaser of an article cannot sustain an action for a deceit, if, by the exercise of ordinary prudence, he could have ascertained the defect complained of. This is clearly shown by the authorities cited by the defendant’s counsel.
 
 Fagan
 
 v.
 
 Newsom,
 
 1 Dev. Rep. 20;
 
 Fields
 
 v.
 
 Rouse,
 
 3 Jones’ Rep. 72;
 
 Fulenwider
 
 v.
 
 Poston,
 
 ibid 528; 2 Stark Ev. 262.
 

 The rule will not apply where the seller uses any improper means to prevent the buyer from making inquiry; 2 Kent’s Com. 487;
 
 Simmons
 
 v.
 
 Horton,
 
 ante 278, decided at this term.
 

 The counsel for the defendant contends that the rule applies to the present case, because it was proved that when the plaintiff bought the cotton, he was near it and might easily have examined it, and found out what was its quality and condition. To this the plaintiff’s counsel replies, that the defendant had used meaus to prevent such examination by having the cotton packed in bales, and piled up and covered with plank.
 

 We do not believe that the cotton bales were piled up and covered for such improper purpose, but solely for the purpose stated by the witness, of protecting it from the weather. We are, nevertheless of opinion, that as the cotton was packed in
 
 *350
 
 bales and piled up as described, the plaintiff could not, from any inspection of the exterior of the bales, have discovered the sand which was mixed with the cotton, and there was nothing to excite his suspicion that any such fraud had been practiced. Oases of this kind of deceit are so rare, that we think buyers may, without any imputation of negligence, trust to the honesty of the sellers. The mode of examining bales of cotton for the purpose of ascertaining the quality of the article by ripping them.open with a knife, as suggested by the defendant’s counsel, may be very proper, and the buyer who neglects it cannot, perhaps, be heard to complain that the cotton was not of so good a quality as, from the representations of the seller, he had been led to suppose. But, to cut open a bag of cotton for the avowed purpose of seeing whether it was not filled, in part, with sand or stones, is a very different matter. To most planters, it would be considered and treated as a direct insult, and would probably be resented on the spot in such a manner, as to lead to a breach of the peace.
 

 Our conclusion is, that this is not a proper case for the application of the celebrated maxim of
 
 cmeat eimptor,
 
 and that the plaintiff is entitled to have the judgment of the Superior Court affirmed.
 

 Pee CüRiam, Judgment affirmed.